UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

                    Plaintiff,

        v.

EARL X. WRIGHT, ELAINE FARR,
JOHN DOE, MELISSA HALLMARK,
ERIC BAUER, AMANDA THOMAS,
JANE 1-2 DOES,

                    Defendant.

CASE NO. 3:15-CV-05270-RBL-DWC

ORDER TO SHOW CAUSE OR TO
AMEND

        Plaintiff Tommie Slack, proceeding *pro se* and *in forma pauperis*, filed this civil rights

Complaint pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint

under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff

leave to file an amended pleading by July 11, 2015, to cure the deficiencies identified herein.

## BACKGROUND

        Plaintiff, who is currently incarcerated at Stafford Creak Corrections Center ("SCCC"),

alleges Defendants employed at the Washington Corrections Center ("WCC") prohibited

1    Plaintiff from having contact with his wife, despite a state court judge removing a "no contact

2    order." Dkt. 6. Plaintiff maintains these Defendants violated his due process rights to have a

3    hearing before being prohibited from seeing his wife. *Id.* Additionally, Defendants employed at

4    SCCC allegedly denied Plaintiff phone communication with his wife and sanctioned him with a

5    loss of visitation without a proper hearing. *Id.* at pp. 18-21. Plaintiff also asserts Defendants

6    Bauer and Hallmark, who are probation officers, and the Department of Corrections ("DOC")

7    forced Plaintiff "in to vagrancy by refusing housing when [P]laintiff could no longer afford"

8    housing. *Id.* at p. 13. The DOC also allegedly violated Plaintiff's constitutional rights by not

9    allowing him to serve his probation in Seattle, Washington. *Id.* at p. 14.

10                                          **DISCUSSION**

11           Under the Prison Litigation Reform Act of 1995, the Court is required to screen

12   complaints brought by prisoners seeking relief against a governmental entity or officer or

13   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

14   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

15   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

16   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

17   152 F.3d 1193 (9th Cir. 1998).

18           In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

19   suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

20   the violation was proximately caused by a person acting under color of state law. *See Crumpton*

21   *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

22   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

23   (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

24

1  named defendants caused, or personally participated in causing, the harm alleged in the

2  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

3      **A.**    **Due Process Violations**

4          Plaintiff contends Defendants Elaine Farr, a unit counselor at WCC, John Doe, a custody

5  unit supervisor at WCC, and Jane Does, counselors at WCC, violated Plaintiff's due process

6  rights by prohibiting him from having contact with his wife, Rev. Ollie Slack, without a proper

7  hearing. Dkt. 6, pp. 9-10. Plaintiff also alleges his due process rights were violated while he was

8  housed at SCCC. Plaintiff maintains Defendant Amanda Thomas, a SCCC counselor, placed an

9  institutional block on Plaintiff's telephone privileges. Dkt. 6, p. 18. Defendant Thomas refused

10 Plaintiff's request to contact the Bellingham Probation Office to "achieve verification of the

11 phone modification" allowing him to speak with Rev. Ollie Slack. *Id.* Plaintiff contends

12 Defendant Thomas's actions constituted a sanction, and Plaintiff was not given a hearing or

13 allowed to appeal the sanction. *Id.* at p. 19. The phone restriction was lifted and Plaintiff's wife

14 was approved for visitation on February 25, 2015. *Id.* at p. 20. Plaintiff alleges he was sanctioned

15 with loss of visitation on April 3, 2015 pursuant to DOC Policy 450.300(IV)(A)(2), and he did

16 not receive proper notice of a hearing or receive a hearing regarding the imposition of the

17 sanction. *Id.* at p. 21. Plaintiff's allegations essentially present Fourteenth Amendment claims.

18         The due process guarantees of the Fourteenth Amendment "apply only when a

19 constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314,

20 1316 (9th Cir. 1993). In *Sandin v. Connor*, 515 U.S. 472 (2003), the Supreme Court makes it

21 clear the "focus of the liberty interest inquiry is whether the challenged condition imposes an

22 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

23 life." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). "A refusal to permit an inmate family

24

1  visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit

2  with whom he wishes is an 'ordinary incident of prison life.'" *Macedon v. California Dep't of*

3  *Corrections*, 67 Fed. Appx. 407, 408 (9th Cir. 2003) (*quoting Sandin*, 515 U.S. at 485). The loss

4  of telephone privileges also does not "present a dramatic departure from the basic conditions" of

5  prison life. *Mahon v. Prunty*, 87 F.3d. 1320 (9th Cir. 1996) (internal quotations omitted); *see*

6  *Gallagher v. City of Winlock, Wash.*, 87 Fed. Appx. 568, 576 n. 7 (9th Cir. 2008).

7         As Plaintiff does not have a liberty interest in visitation and phone privileges, the alleged

8  improper hearings regarding Plaintiff's visitation and phone privileges did not violate his

9  constitutional rights. Accordingly, the Complaint does not state a violation of Plaintiff's due

10  process rights. Plaintiff must show cause why this claim should not be dismissed.

11     **B.     Failure to Secure Housing**

12         Plaintiff maintains Defendants Bauer and Hallmark, probation officers, and the DOC

13  forced Plaintiff into "vagrancy" by refusing to provide Plaintiff with housing when he could no

14  longer afford to live in motels. Dkt. 6, pp. 11-13. There is no constitutional right to housing. *See*

15  *Lindsey v. Normet*, 405 U.S .56, 74 (1972). Thus, Plaintiff has not alleged a violation of his

16  constitutional rights against Defendants Bauer, Hallmark, and the DOC for "forcing" Plaintiff

17  into "vagrancy." Plaintiff has also not alleged how these Defendants' actions caused Plaintiff to

18  become a vagrant. Plaintiff has therefore failed to state a claim under § 1983.

19         Further, § 1983 applies to the actions of "persons" acting under the color of state law.

20  The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil

21  rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989).

22  Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment

23

24

1  immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under §

2  1983.

3        Based on the foregoing reasons, Plaintiff must show cause as to why his claim regarding

4  forced "vagrancy" should not be dismissed.

5  **C.      Revocation of Probation**

6        Plaintiff alleges the DOC violated his rights by not allowing him to serve his probation in

7  the Seattle, Washington area. Dkt. 6, p. 14. Plaintiff maintains he "suffered seven probation

8  violations for returning to Seattle where he [has] many homes and family/community support."

9  *Id.* Plaintiff states the DOC refused to transfer his probation and then revoked his probation

10  because he violated the conditions of his probation. As previously stated, the DOC cannot be

11  liable under § 1983. Therefore, Plaintiff has failed to show a person acting under color of state

12  law violated his constitutional rights. Even if Plaintiff is able to name a viable defendant, his

13  Complaint remains deficient because he has not identified a violation of a constitutionally

14  protected right.

15        Plaintiff may only bring a claim under § 1983 alleging the revocation of his probation

16  was unconstitutional if the revocation has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477

17  (1994); *Baskett v. Papini*, 245 Fed. Appx. 677 (9th Cir. 2007) (finding the district court properly

18  dismissed the plaintiff's § 1983 action because the plaintiff's allegations called into question the

19  validity of his probation revocation and plaintiff failed to allege the probation had been

20  invalidated). Plaintiff may only recover damages under § 1983 for allegedly unconstitutional

21  imprisonment, or for any other harm caused by actions whose unlawfulness would render the

22  imprisonment invalid, if he can prove the conviction or other basis for confinement has been

23  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

24

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

Plaintiff does not allege his revocation or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff must show cause as to why this claim should not be dismissed.

**D.      Supervisory Liability**

Plaintiff maintains Defendants Bernard Warner and Earl Wright are liable because they "are either the policy makers or supervise the enforcement of polices created by the Department of Correction[s]." Dkt. 6, p. 26. Section 1983 supervisory liability cannot be based on *respondeat superior*. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, to state a claim against any individual Defendant, Plaintiff must allege facts showing the individual Defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154 (1999). Because vicarious liability is inapplicable to a § 1983 suit, Plaintiff must file an amended complaint pleading facts showing Defendants Warner and Wright, through their own individual actions, violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**E.      John/Jane Doe Defendants**

Plaintiff identifies John Does and Jane Does as Defendants in this action. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

1  Cir.1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the

2  identity of unknown defendants through discovery, the use of Doe defendants is problematic

3  because those persons cannot be served with process until they are identified by their real names.

4  If filing an amended complaint, Plaintiff shall attempt to provide the names of Defendants

5  identified as John Doe and Jane Doe.

6  **F.   Conclusion**

7      If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

8  amended complaint and within the amended complaint, he must write a short, plain statement

9  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

10 person who violated the right; (3) exactly what that individual did or failed to do; (4) how the

11 action or inaction of that person is connected to the violation of Plaintiff's constitutional rights;

12 and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v.*

13 *Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

14     Plaintiff shall present the amended complaint on the form provided by the Court. The

15 amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

16 and not a copy, it should contain the same case number, and it may not incorporate any part of

17 the original complaint by reference. The amended complaint will act as a complete substitute for

18 the original Complaint, and not as a supplement. The Court will screen the amended complaint to

19 determine whether it contains factual allegations linking each Defendant to the alleged violations

20 of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

21 Defendant who is not specifically linked to the violation of Plaintiff's rights.

22

23

24

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

2    raised herein on or before July 11, 2015, the undersigned will recommend dismissal of this

3    action as frivolous pursuant to 28 U.S.C. § 1915.

**PENDING MOTIONS**

5    **A.  Motion to Serve**

6    Plaintiff filed a Motion to Serve on April 21, 2015, requesting the Court serve

7    summonses and copies of the Complaint on Defendants. Dkt. 7. The undersigned has determined

8    Plaintiff's Complaint shall not be served at this time, but has given Plaintiff an opportunity to file

9    an amended complaint. Because Plaintiff is proceeding *in forma pauperis*, if Plaintiff chooses to

10   file an amended complaint and the Court determines the amended complaint properly states a

11   claim, the Court will order the clerk to serve Plaintiff's amended complaint. Accordingly,

12   Plaintiff's Motion to Serve is denied without prejudice.

13   **B.  Motion for Appointment of Counsel**

14   Plaintiff has also filed a Motion for Appointment of Counsel. Dkt. 8. No constitutional

15   right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353

16   (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

17   1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However,

18   in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants

19   pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d

20   1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide

21   whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success

22   on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

23   complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

24

1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff states he is unable to afford an attorney, his case is complex, and will be difficult to litigate while he is incarcerated. Dkt. 8. The inability to hire counsel is not an exceptional circumstance warranting court appointed counsel. This case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion for Appointment of Counsel is denied without prejudice.

## INSTRUCTIONS TO CLERK

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 11th day of June, 2015.

David W. Christel
United States Magistrate Judge