UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

           Plaintiff,

    v.

EARL X. WRIGHT, ELAINE FARR, JOHN DOE, MELISSA HALLMARK, ERIC BAUER, AMANDA THOMAS, JANE 1-2 DOES,

           Defendants.

CASE NO. 3:15-CV-05270-RBL-DWC

ORDER TO SHOW CAUSE OR TO AMEND

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently pending before the Court is Plaintiff's Motion to Amend and a proposed amended complaint. Dkt. 10. The Court grants Plaintiff's Motion to Amend as a matter of course. However, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. As Plaintiff has failed to state a claim in either his Complaint or Amended Complaint, the Court declines to serve either pleading but provides Plaintiff leave to file an amended pleading by August 31, 2015 to cure the deficiencies.

**BACKGROUND**

On June 10, 2015, Plaintiff executed a Motion to Amend ("Motion") and a proposed Amended Complaint. Dkt. 10. On June 11, 2015, the Court ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim or file an amended complaint. Dkt. 9. Plaintiff's Motion to Amend was received by the Court on June 15, 2015. Dkt. 10.

In the Motion, Plaintiff attempts to add one defendant, Cassandra Kuestermeyer, a community corrections officer employed by the Department of Corrections in Bellingham, Washington. Dkt. 10. Plaintiff also identifies several John and Jane Does as: Custody Unit Supervisor Mason, Unit Counselor Sheridan, and Unit Counselor Edmister. Dkt. 10-1. He does not re-allege claims against these individuals. *See id*. In his Amended Complaint, Plaintiff alleges Defendants Kuestermeyer, Hallmark, and Bauer forced Plaintiff into "vagrancy" by refusing to provide Plaintiff with housing. Dkt. 10-3, pp. 3-5. Defendant Kuestermeyer also allegedly failed to schedule Plaintiff's Drug Offender Sentencing Alternative ("DOSA") classes resulting in Plaintiff's probation being revoked. Dkt. 10-3, pp. 5-8.

**A. Motion to Amend**

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed the Motion to Amend and Amended Complaint prior to service and prior to the filing of a responsive pleading. *See* Docket. This is Plaintiff's first Amended Complaint. Therefore, Plaintiff has the right to file the Amended Complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of

Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)). Accordingly, Plaintiff's Motion to Amend is granted.

**B. Screening under § 1915(e)**

Although Plaintiff's Motion is granted, the new claims remain subject to review and possible dismissal under 28 U.S.C. § 1915(e). Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e), 1915A. The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

1. *Failure to Secure Housing*

Plaintiff alleges Defendants Kuestermeyer, Hallmark, and Bauer forced Plaintiff into "vagrancy" by failing to house Plaintiff in apartments maintained by the Department of Correction. Dkt. 10-3, pp. 3. There is no constitutional right to housing. *See Lindsey v. Normet*, 405 U.S .56, 74 (1972). Thus, Plaintiff has not alleged a violation of his constitutional rights against Defendants Kuestermeyer, Bauer, and Hallmark for "forcing" Plaintiff into "vagrancy." Plaintiff has also not alleged how these individuals' actions caused Plaintiff to become a vagrant. Plaintiff has therefore failed to state a claim under § 1983.

Based on the foregoing reasons, Plaintiff must show cause as to why his claim regarding forced "vagrancy" should not be dismissed.

2. *Revocation of Probation*

Plaintiff also maintains Defendant Kuestermeyer failed to schedule Plaintiff's DOSA classes, which resulted in Plaintiff's probation being revoked. Dkt. 10-3, pp. 5-8. Plaintiff may only bring a claim under § 1983 alleging the revocation of his probation was unconstitutional if the revocation has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Baskett v. Papini*, 245 Fed. Appx. 677 (9th Cir. 2007) (finding the district court properly dismissed the plaintiff's § 1983 action because the plaintiff's allegations called into question the validity of his probation revocation and plaintiff failed to allege the probation had been invalidated). Plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

Plaintiff does not allege his revocation or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Plaintiff must show cause as to why this claim should not be dismissed.

3. <u>Conclusion</u>

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint or Amended Complaint by reference. The second amended complaint will act as a complete substitute for the original Complaint and Amended Complaint, and not as a supplement. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the second amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues
2 raised herein on or before August 31, 2015, the undersigned will recommend dismissal of this
3 action as frivolous pursuant to 28 U.S.C. § 1915.
4    The Clerk is directed to provide Plaintiff the appropriate forms for filing a 42 U.S.C.
5 1983 civil rights complaint and for service. The Clerk is further directed to provide copies of this
6 Order and Pro Se Instruction Sheet to Plaintiff.
7    Dated this 30th day of July, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge