UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMIE SLACK, | CASE NO. 3:15-CV-05270-RBL-DWC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | Noting Date: September 18, 2015 |
| EARL X. WRIGHT, ELAINE FARR, JOHN DOE, MELISSA HALLMARK, ERIC BAUER, AMANDA THOMAS, JANE 1-2 DOES, | |
| Defendants. | |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Tommie Slack filed three Motions requesting preliminary injunctions. Dkt. 11, 14, 17. After review of the Motions, the Court concludes Plaintiff is seeking an order compelling a non-party to take action on a matter which is outside the issues in this action. Therefore, the Court recommends the Motions be denied.

**BACKGROUND**

Plaintiff, an inmate housed at Washington State Penitentiary ("WSP"), alleges Defendants have violated Plaintiff's rights by: (1) failing to allow visitation with his wife despite a court order lifting a no contact order; (2) forcing him into vagrancy; and (3) taking actions resulting in the revocation of his probation. Dkts. 6, 13, 15-1.

In his First Motion for Preliminary Injunction, Plaintiff states he believes prison administrators are retaliating against him because he filed this pending lawsuit, and he is not able to have the necessary law library time. Dkt. 11, p. 3.[1] Plaintiff requests an enlargement of time, until September 26, 2015, to file an amended complaint or response to the Court's Order to Show Cause. *Id.* at p. 4.[2] Plaintiff also requests the Court order Plaintiff to "remain in the facility area accessable [sic] to the law library[.]" *Id.* In his Second Motion for Preliminary Injunction, Plaintiff states Custody Unit Supervisors Bellinger and Jennings and Counselor Odem denied Plaintiff complete access to the law library. Dkt .14. Plaintiff also filed a Motion regarding the denial of access to the law library. Dkt. 17. In this Motion, Plaintiff provides additional information regarding his living conditions and requests the Court order Plaintiff removed from maximum custody so that he can use the law library. *Id.* at p. 7.

**DISCUSSION**

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), a plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation

---

[1] "Prison administrators," Bellinger, Jennings, and Odem are not parties to this lawsuit.

[2] The Court notes an extension of time for Plaintiff to file a response to the Order to Show Cause or Amend has been granted.

1            of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal

2            justice system caused by the relief.

3   18 U.S.C. § 3626(a)(1)(A).

4        The purpose of preliminary injunctive relief is to preserve the status quo or to prevent

5   irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*

6   *Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving

7   party must show either (1) a likelihood of success on the merits and the possibility of irreparable

8   injury or (2) the existence of serious questions going to the merits and the balance of hardships

9   tipping in [the movant's] favor."  See *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir.

10   2004)(*quoting Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations

11   omitted). "These two alternatives represent extremes of a single continuum, rather than two

12   separate tests. Thus, the greater the relative hardship to [the movant], the less probability of

13   success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999)

14   (internal quotations omitted).  Under either test, the movant bears the burden of persuasion.

15   *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

16        Plaintiff cannot meet his burden of persuasion. First, "prison administrators," Bellinger,

17   Jennings, and Odem are not nor have ever been parties to this lawsuit. This Court cannot issue an

18   order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp.*

19   *v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). As Plaintiff seeks a court order compelling

20   only non-parties to act, his Motions for Preliminary Injunction must be denied.

21        Second, the issues and relief sought in Plaintiff's Motions are unrelated to the claims

22   raised in this lawsuit. In this lawsuit, Plaintiff claims he has been denied his procedural due

23   process rights and attempts to challenge the lawfulness of his current incarceration. *See* Dkts. 6,

24

1    13. In a preliminary injunction, it is appropriate to grant "intermediate relief of the same

2    character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212,

3    220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should

4    not issue an injunction when the relief sought is not of the same character and the injunction

5    deals with a matter lying wholly outside the issues in the underlying action. *Id*. Plaintiff is

6    requesting the Court order that he remain in or be placed in housing which allows him library

7    access. *See* Dkt. 11, 14, 17. As the matters addressed in his Motions for Temporary Injunction

8    are beyond the scope of the issues raised in his Complaint and Amended Complaint, Plaintiff's

9    Motions should be denied.

10                                    **CONCLUSION**

11           The undersigned recommends Plaintiff's Motions for Temporary Injunction (Dkt. 11, 14,

12   17) be denied as the Motions seek injunctive relief against non-parties and are not based upon the

13   claims in the underlying lawsuit.

14           Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

15   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

16   objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

17   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

18   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

19   September 18, 2015, as noted in the caption.

20           Dated this 24th day of August, 2015.

21

22

23

David W. Christel
United States Magistrate Judge

24