UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMIE SLACK, <br><br> Plaintiff, <br><br> v. <br><br> EARL X. WRIGHT et al., <br><br> Defendants. | CASE NO. 3:15-CV-05270-RBL-DWC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: JANUARY 15, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Tommie Slack filed a Motion for a Temporary Restraining Order ("Motion"). Dkt. 36. The Court concludes Plaintiff's Motion is not connected to the issues raised in the Second Amended Complaint ("Complaint") (Dkt. 24) or the named Defendants in this action. Accordingly, the Court recommends Plaintiff's Motion be denied without prejudice.

**BACKGROUND**

In his Complaint, Plaintiff alleges he was prohibited from having contact with his wife despite a state court judge removing a "no contact order" while he was housed at the Washington Corrections Center ("WCC"). Dkt. 24 at 7, 15. Plaintiff also asserts he was forced into

REPORT AND RECOMMENDATION - 1

homelessness and inhumane living conditions while on probation because (1) his housing voucher was used negligently and (2) he was not allowed to serve his probation in Seattle, Washington. *Id.* at 11-14, 22-25. The named Defendants in this action are Earl X. Wright, John Doe, Melissa Hallmark, Eric Bauer, Amanda Thomas, Jane Does, Mason, Sheridan, Angella Coker, and Cassandra Kuestermeyer. *See* Dkt. 24. Plaintiff alleges Defendants Farr, Mason, and Sheridan are employed at WCC and Defendants Kuestermeyer and Bauer are employed at the Bellingham Probation Office of the Department of Correction ("DOC"). *Id.* At the time Plaintiff filed his Complaint, he was incarcerated at the Washington State Penitentiary ("WSP"). *Id.*

By contrast, Plaintiff's Motion concerns his release from WSP on December 7, 2015. Dkt. 36 at 1-2. Plaintiff contends upon his release he was transferred to the DOC Community Custody Department and assigned to non-party Community Correction Officer ("CCO") Shawn McDougall. *Id.* at 2. Plaintiff alleges CCO McDougall and other administrators at the Everett DOC held a Facility Risk Management Team hearing at which Plaintiff was sanctioned to wearing an electronic monitoring device. *Id.* Plaintiff alleges to have not been served with a notice of the hearing and was therefore not present at the hearing. *Id.*

Although Plaintiff's Motion is not clear, it appears he wishes to visit his mother, Dora Slack, who is under hospice care and terminally ill, and Plaintiff's electronic monitoring device prevents him from doing so. *Id.* at 4. Plaintiff also alleges the electronic monitoring device hinders him from establishing lawful employment because he is required to report twice a week. *Id.* at 5.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no

>further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

Because preliminary injunctive relief is granted preserve the status quo and prevent irreparable harm pending a resolution on the merits of a lawsuit, *see Sierra,* 739 F.2d at 1422, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."*Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). Numerous district courts in the Ninth Circuit have also held that a motion for injunctive relief must relate to the claims in the complaint. *Silva v. Mayes*, 2005 WL 2207013 (W.D. Wash. September 8, 2005); *See, e.g., Aana v. Pioneer Hi-Bred Intern. Inc.*, 2014 WL 2932532 (D. Hawaii June 30, 2014); *Cepero v. High Desert State Prison*,

2014 WL 2772310 (D. Nev. June 18, 2014); *Jackson v. Arpaio*, 2014 WL 1806333 (D. Ariz. May 7, 2014). Moreover, this Court cannot issue an order against individuals who are not parties to the pending suit. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969).

First, the claims at issue in Plaintiff's Motion are not in any way related to the claims raised in Plaintiff's Complaint. *See id.* Plaintiff's Motion seeks relief from wearing his electronic monitoring device after being released into community custody, but Plaintiff's Complaint seeks to address claims related to incarceration at WCC. *See id.* Second, Plaintiff's Motion refers to CCO McDougall and other administrators who were not named in Plaintiff' Complaint. *See* Dkts. 24 (Complaint), 36 (Motion). Accordingly, the Court finds Plaintiff has failed to establish the necessary elements for injunctive relief.

## CONCLUSION

Plaintiff seeks injunctive relief against non-parties and requests injunctive relief related to claims not raised in his Complaint. Accordingly, the undersigned recommends Plaintiff's Motion for a Temporary Restraining Order (Dkt. 36) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January 15, 2016 as noted in the caption.

Dated this 23rd day of December, 2015.

David W. Christel
United States Magistrate Judge