UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOMMIE SLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EARL X. WRIGHT, ELAINE FARR, JOHN DOE, MELISSA HALLMARK, ERIC BAUER, AMANDA THOMAS, JANE 1-2 DOES,<br><br>　　　　　Defendants. | CASE NO. 3:15-CV-05270-RBL-DWC<br><br>ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for a More Definite Statement ("Motion"). Dkt. 29.

Defendants' Motion was filed on December 7, 2015. Dkt. 29. Plaintiff had until December 21, 2015 to file a response, but has not done so. After review of the Motion and the record before the Court, the Court concludes justice is not served by requiring Plaintiff to file a more definite statement and the Motion is denied.

ORDER - 1

1  Plaintiff was granted *in forma pauperis* status on May 18, 2015. Dkt. 5. Plaintiff has had 2 two opportunities to clarify his allegations. On June 11, 2015 the Court declined to serve 3 Plaintiff's Original Complaint but provided Plaintiff with leave to file an amended pleading by 4 July 11, 2015. Dkt. 9. Plaintiff then filed a Motion to Amend as a matter of course and a 5 Proposed Amended Complaint. Dkt. 10. The Court declined to serve Plaintiff's Proposed 6 Amended Complaint but granted Plaintiff leave to amend by August 31, 2015. Dkt. 12. On 7 October 29, 2015, Plaintiff filed his Second Amended Complaint against Defendants Bauer, Far, 8 Mason, Sheridan, Coker, and Kuestermeyer. Dkt. 24. The Court ordered service on the same day. 9 Dkt. 25. On December 7, 2015, Defendants filed their Motion for More Definite Statement. Dkt. 10 29.

11  The Court interprets Plaintiff's Second Amended Complaint to allege the following 12 claims under 42 U.S.C. § 1983: (1) due process violation when plaintiff was not provided with 13 notice of a hearing after being sanctioned, Dkt. 24 at 7-8, 10; (2) inhumane living conditions due 14 to negligent use of his housing voucher and inability to serve his probation in Seattle, 15 Washington, *id.* at 11-14, 22-25; and (3) false revocation of his probation, *id.* at 21.

16  Defendants move for a more definite statement, requesting that the Court direct Plaintiff 17 to provide a more concise statement of facts and grounds for relief he is attempting to raise in his 18 Second Amended Complaint. Dkt. 29. Federal Rule of Civil Procedure 8 requires a complaint to 19 contain "a short and plain statement of the claim showing the pleader is entitled to relief," and 20 "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). If a 21 pleading is so vague or ambiguous that a defendant "cannot reasonably be required to frame a 22 responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e). 23 "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a

defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Defendants are required to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

In their Motion, Defendants raise questions on the allegations in Plaintiff's Second Amended Complaint with particular emphasis on Plaintiff's potential claims for inhumane conditions and false revocation of probation. *See* Dkt. 29. However, the Court concludes justice is not served by requiring Plaintiff to file a more definite statement. Plaintiff has been afforded two opportunities to amend his Original Complaint, and the Court finds Plaintiff's Second Amended Complaint is sufficient to allow Defendants to frame a responsive pleading. Plaintiff need only provide a short, plain statement explaining the cause of action, *see* Fed. R. Civ. P. 8, and Defendants are on notice of the legal claims asserted against them. Thus, the Defendants' Motion is denied. Defendants' responsive pleading is due within thirty days of the entry of this Order.

Dated this 30th day of December, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge