1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

14

TOMMIE SLACK,

              Plaintiff,

      v.

ELAINE FARR, MASON, ERIC
BAUER, SHERIDAN, ANGELLA
COKER, EDMISTER, CASSANDRA
KUESTERMEYER,

              Defendants.

CASE NO. 3:15-CV-05270-RBL-DWC

REPORT AND
RECOMMENDATION

Noting Date: April 8, 2016

15

16

17

18

19

20

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

States Magistrate Judge David W. Christel. Plaintiff Tommie Slack, proceeding *pro se* and *in*

*forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently pending

before the Court is Defendants Bauer, Coker, Farr, Kuestermeyer, Mason, and Sheridan's

Motion to Dismiss ("Motion to Dismiss").[1]

21

22

23

24

---

[1] The Motion to Dismiss was not filed on behalf of Defendant Edmister, the only remaining Defendant who
was named in the Second Amended Complaint. The term "Defendants" in this Report and Recommendation will
refer to Bauer, Coker, Farr, Kuestermeyer, Mason, and Sheridan. The Court has reviewed the record and determined
Defendant Edmister has not been served; however, after considering the Second Amended Complaint, the Court
finds Plaintiff's claims against Defendant Edmister are barred by the statute of limitations. *See* Section V, *infra*.

1    The Court concludes Plaintiff has failed to state a claim showing his constitutional rights

2    were violated under § 1983. Accordingly, the Court recommends Defendants' Motion to Dismiss

3    be granted and this case be closed.

4                                              **BACKGROUND**

5    In his Second Amended Complaint, Plaintiff alleges his rights were violated when: (1) he

6    was not provided with notice of a hearing prior to the imposition of a sanction, Dkt. 24, pp. 7-11;

7    (2) he was forced to live in inhumane conditions due to Defendants Bauer and Kuestermeyer's

8    negligent use of his housing voucher and Defendant Coker's refusal to allow Plaintiff to serve

9    his probation[2] in Seattle, Washington, *id.* at pp. 11-14, 22-25; and (3) his probation was revoked

10   because of Defendant Kuestermeyer's false statements, *id.* at pp. 19-26.

11   Defendants filed their Motion to Dismiss on January 28, 2016. Dkt. 40. Defendants sent a

12   notice to Plaintiff regarding the filing of the Motion to Dismiss. Dkt. 41. Plaintiff has not filed a

13   response.

14                                          **STANDARD OF REVIEW**

15   A motion to dismiss can be granted only if Plaintiff's Second Amended Complaint, with

16   all factual allegations accepted as true, fails to "raise a right to relief above the speculative level".

17   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

18   To survive a motion to dismiss, a complaint must contain sufficient
     factual matter, accepted as true, to "state a claim to relief that is

19   plausible on its face." A claim has facial plausibility when the
     plaintiff pleads factual content that allows the court to draw the

20   reasonable inference that the defendant is liable for the misconduct
     alleged. The plausibility standard is not akin to a probability

21   requirement, but it asks for more than a sheer possibility that a
     defendant has acted unlawfully.

22

23

24   [2] Plaintiff was sentenced to a term of community custody to be served after he was released from jail. *See* Dkt. 1-1, p. 7. Plaintiff refers to this term of community custody as "probation".

1   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

2        A complaint must contain a "short and plain statement of the claim showing that the

3   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

4   statement need only give the defendant fair notice of what the . . . claim is and the grounds upon

5   which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

6   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me

7   accusation." *Iqbal*, 556 U.S. at 678.

8        While the Court must accept all the allegations contained in the Second Amended

9   Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual

10  allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d

12  646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not

13  sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

14  While the Court is to construe a complaint liberally, such construction "may not supply essential

15  elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

16                                  **DISCUSSION**[3]

17        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

18  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

19  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

20  _____

21        [3] Defendants attached several exhibits to their Motion to Dismiss and request the Court consider the
    exhibits when ruling on the Motion. *See* Dkt. 40, p. 2, n. 3. "In ruling on a 12(b)(6) motion, a court may generally
22  consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject
    to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). It is not clear all the exhibits can be
23  considered by the Court in ruling on the Motion to Dismiss. *See* Dkt. 40-1. Regardless, the Court need not consider
    the attached exhibits in determining if Plaintiff has sufficiently stated a claim for which relief can be granted.
    Therefore, the Court will not consider the attached exhibits or convert this Motion to Dismiss into a motion for
24  summary judgment. *See* Fed.R.Civ.P. 12(d).

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

## I.     Due Process Violations

Plaintiff contends Defendants Farr, Mason, Sheridan, and Edmister violated his due process rights by failing to have a proper hearing prior to prohibiting him from having contact with his wife, Ollie Slack. Dkt. 24, ¶¶ 1-17. Plaintiff also alleges Defendant Bauer attempted to modify Plaintiff's conditions of probation without providing him with a hearing. *Id.* at ¶¶ 38-40. Plaintiff maintains a "no contact order" was recalled as part of his plea agreement, and these Defendants effectively changed his sentence without providing proper hearings. *Id.* at ¶¶ 1-17.

### A.   *Statute of Limitations*

Defendants assert Plaintiff's allegation that he was denied a proper hearing by Defendants Farr, Mason, Sheridan, and Edmister is barred by the statute of limitations. *See* Dkt. 40. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [ ] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* RCW 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

1   permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

2   "The predicates for equitable tolling are bad faith, deception, or false assurances by the

3   defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

4   tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

5   neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

6           Plaintiff alleges Defendants Farr, Mason, Sheridan, and Edmister prohibited him from

7   having any contact with his wife during a meeting on March 19, 2012. Dkt. 24, ¶7.  Plaintiff

8   contends this meeting constituted a sanction and Plaintiff did not receive a proper hearing in

9   violation of his due process rights. *Id.* at ¶¶ 8-17. Plaintiff had actual notice of the facts relating

10   to this claim on March 19, 2012. *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a

11   claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of

12   the action). The time for filing a complaint regarding this claim therefore expired on March 19,

13   2015, three years after Plaintiff had notice of the alleged constitutional violation. Plaintiff

14   signed--effectively filing--this Complaint on April 21, 2015, more than a month after the statute

15   of limitations ran. Thus, Plaintiff failed to file a timely complaint regarding the due process

16   claims arising from the March 19, 2012 meeting.

17           Plaintiff has also failed to plead facts to support equitable tolling of this claim. Plaintiff

18   did not respond to Defendants' Motion to Dismiss and does not allege any facts which show he

19   is entitled to equitable tolling in the Second Amended Complaint. *See* Dkt. 24. As Plaintiff did

20   not initiate this lawsuit until more than three years after he had notice of the claim regarding the

21   March 19, 2012 meeting and as he has not shown he is entitled to equitable tolling, this claim is

22   barred by the statute of limitations.

23

24

1

2          B.  *Modified Conditions of Probation*

3          Plaintiff also states Defendant Bauer attempted to modify Plaintiff's probation by

4   imposing a lifetime condition prohibiting contact, except by phone, with Ollie Slack. Dkt. 24, ¶¶

5   38-40. Plaintiff alleges this action constituted a sanction, "which mandate[d] procedural due

6   process of a hearing." *Id.* Challenges to conditions of parole or probation must be brought in a

7   habeas petition. *See Cordell v. Tilton*, 515 F.Supp. 1114, 1121-22 (S.D. Cal. 2007) (*citing*

8   *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977)). Plaintiff is challenging the imposition of

9   a condition of probation. Therefore, Plaintiff's claim alleging Defendant Bauer violated

10  Plaintiff's due process rights when he modified Plaintiff's probation is not proper in this § 1983

11  action.

12          *Conclusion*

13          As Plaintiff's due process claims are (1) barred by the statute of limitations or (2) not

14  properly raised in a § 1983 action, the Court concludes Defendants' Motion to Dismiss should be

15  granted as to Plaintiff's claims that Defendants imposed sanctions and probation conditions

16  without proper hearings.

17  **II.     Failure to Secure Housing**

18          Plaintiff alleges his rights were violated when he was denied housing while on probation.

19  Dkt. 24, ¶¶ 18-32. Specifically, Plaintiff maintains Defendant Bauer negligently used Plaintiff's

20  housing voucher resulting in Plaintiff being forced into homelessness. *Id.* at ¶ 21. Plaintiff also

21  alleges Defendant Kuestermeyer violated Plaintiff's constitutional rights by forcing him to live in

22  inhumane conditions when she did not secure housing for him. *Id.* at ¶¶ 73-76.

23

24

First, negligence by a state actor in the prison context is not actionable under § 1983. *See Daniels v. Williams,* 474 U.S at 333, 106 S.Ct. 662 (1986); *Strong v. Woodford*, 428 F. Supp. 2d 1082, 1086 (C.D. Cal. 2006). Therefore, the allegation that Defendants Bauer and Kuestemyer, state employees, negligently applied Plaintiff's housing voucher does not state a claim under §1983.

Second, Plaintiff alleges Defendants Bauer and Kuestemeyer are liable under §1983 because they forced Plaintiff into homelessness when they failed to secure the housing desired by Plaintiff. *See* Dkt. 24, ¶¶ 18-32, 73-76. There is no constitutional right to housing. *See Lindsey v. Normet*, 405 U.S .56, 74 (1972). Further, the Court "is unaware of reliable authority establishing the right of an unconfined person . . . to a cause of action under the Eighth Amendment for being denied humane conditions of confinement." *Christensen v. Nelson*, 2010 WL 562883, *5 (D.S.D. Feb. 17, 2010). As Plaintiff has not shown, and the Court does not find, he has constitutional right to housing, Defendants Bauer and Kuestemeyer are not liable under §1983 for allegedly forcing Plaintiff into homelessness and forcing Plaintiff to live in inhumane conditions while on probation.

The Court concludes Plaintiff has failed to state a claim for which relief can be granted against Defendants Bauer and Kuestemeyer regarding Plaintiff's living conditions while on probation. Therefore, the Court recommends Defendants' Motion to Dismiss be granted as to Plaintiff's claims that Defendants Bauer and Kuestermyer violated Plaintiff's constitutional rights by failing to secure housing for Plaintiff while he was on probation.

**III.    Transfer of Probation**

Plaintiff contends Defendant Coker violated Plaintiff's rights by not allowing him to serve his probation in the Seattle, Washington area where he had "many homes to live in and

family/community support." *Id.* at ¶¶ 32-36. The Ninth Circuit has held "an individual's right to travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee." *Bagley v. Harvey*, 718 F.3d 921, 924 (9th Cir. 1983). "[A] parolee does not have a constitutional interest that entitles him to parole in any particular district." *Id.* Further, in *Bagley*, the court found it was not cruel and unusual punishment for a parolee to be required to serve the remainder of his parole term in a foreign state. *Id.* at 925 (finding the requirement that a parolee serve his term of parole in Iowa rather than in Washington, the Plaintiff's state of origin, did not violate the parolee's constitutional rights and was not cruel and unusual punishment).

Plaintiff does not have a constitutional right to have his probation transferred to Seattle, Washington. Further, Plaintiff cannot show his Eighth Amendment rights were violated because he was required to serve his probation in Bellingham, Washington. Therefore, Defendant Coker is not liable under § 1983 for prohibiting Plaintiff from transferring his probation from Bellingham, Washington to Seattle, Washington. The Court recommends Defendants' Motion to Dismiss be granted as to Plaintiff's claim regarding Defendant Coker's refusal to transfer Plaintiff's probation location.

**IV.   Revocation of Probation**

Plaintiff alleges Defendant Kuestermeyer filed a report falsely stating Plaintiff: (1) used drugs, (2) failed to receive chemical dependency treatment, (3) failed to report, and (4) was arrested in King County, where his victim lives. Dkt. 24, ¶¶ 51-71. Plaintiff contends his rights were violated because Defendant Kuestermeyer's actions resulted in his probation being improperly revoked. *Id.* at ¶¶ 51-72, 104.

1    Plaintiff may only bring a claim under § 1983 alleging the revocation of his probation

2    was unconstitutional if the revocation has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477

3    (1994); *Baskett v. Papini*, 245 Fed. Appx. 677 (9th Cir. 2007) (finding the district court properly

4    dismissed the plaintiff's § 1983 action because the plaintiff's allegations called into question the

5    validity of his probation revocation and plaintiff failed to allege the probation had been

6    invalidated). Plaintiff may only recover damages under § 1983 for allegedly unconstitutional

7    imprisonment, or for any other harm caused by actions whose unlawfulness would render the

8    imprisonment invalid, if he can prove the conviction or other basis for confinement has been

9    reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

10   authorized to make such a determination, or called into question by a federal court's issuance of

11   a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

12   Plaintiff does not allege his probation revocation has been reversed on direct appeal,

13   expunged by executive order, declared invalid by a state tribunal authorized to make such

14   determination, or called into question by a federal court's issuance of a writ of habeas corpus.

15   Rather, based on the allegations in the Second Amended Complaint, when Plaintiff filed this

16   action, he was still incarcerated as a result of the probation revocation. *See* Dkt. 24, p. 6.

17   Accordingly, Plaintiff has failed to state a claim for which relief can be granted. The Court

18   recommends Defendants' Motion to Dismiss be granted as to Plaintiff's claim against Defendant

19   Kuestemeyer for filing a report which allegedly resulted in Plaintiff's probation being improperly

20   revoked.

21   **V.    Defendant Edmister**

22   Defendants assert "Counselor Edmister was never served the complaint in this matter."

23   Dkt. 40, p. 1, n. 2. A review of the docket shows Counselor Edmister is not listed as a Defendant

24

1   and a waiver of service of summons and the Complaint was not mailed to Counselor Edmister.

2   Plaintiff clearly identifies Counselor Edmister as a Defendant in the Second Amended

3   Complaint. *See* Dkt. 24, pp. 3, 7. Plaintiff alleges Defendant Edmister violated Plaintiff's due

4   process rights during the previously discussed March 19, 2012 meeting. *Id*. at ¶ 7; Section I,

5   *supra*. As the Court has determined Plaintiff's claim regarding the March 2012 meeting is barred

6   by the statute of limitations, the Court recommends Defendant Edmister be dismissed.

7       **VI.**    **Failure to Cure Deficiencies**

8         The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

9   have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

10   cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

11   Here, the Court has given Plaintiff three opportunities to amend his Complaint and has twice

12   provided Plaintiff with specific instructions explaining the deficiencies in both his Complaint and

13   First Amended Complaint. *See* Dkt. 9, 12, 18. Despite several opportunities to amend, Plaintiff

14   has been unable to state a claim for which relief can be granted. Further, the Court finds Plaintiff

15   will not be able to cure the deficiencies with an additional amendment.  Accordingly, the Court

16   finds Plaintiff should not be given leave to amend his Second Amended Complaint.

17                                **CONCLUSION**

18         For the foregoing reason, the Court finds Plaintiff has failed to a state claim for which

19   relief can be granted as to all claims and all Defendants named in this action. The Court also

20   finds the deficiencies of Plaintiff's Second Amended Complaint cannot be cured. Therefore, the

21

22

23

24

1   Court recommends Defendants' Motion to Dismiss be granted.[4] The Court also recommends

2   Defendant Edmister be dismissed and this case be closed.

3         Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

4   Procedure, the parties shall have fourteen (14) days from service of this Report to file written

5   objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

6   objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

7   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 8,

8   2016, as noted in the caption.

9         Dated this 24th day of March, 2016.

10

11   David W. Christel

12   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

    [4] Defendants requested the Court stay discovery pending the resolution of the Motion to Dismiss. Dkt. 40,
24   pp. 19-20. The Court will address this request in a separate order.

REPORT AND RECOMMENDATION - 11